UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| KEITH DAVID HOUSTON. <br><br> Plaintiff, <br><br> v. <br><br> CITY OF CARSON, *et al.*, <br><br> Defendants. | 3:14-cv-00687-MMD-VPC <br><br> <u>REPORT AND RECOMMENDATION</u> <br> <u>OF U.S. MAGISTRATE JUDGE</u> |

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is plaintiff's *pro se* civil rights complaint (#1-1). Having reviewed the complaint, the court recommends that the complaint be dismissed without prejudice, without leave to amend.

## I.   BACKGROUND AND PROCEDURAL HISTORY

Keith David Houston ("plaintiff") is an inmate in custody of the Nevada Department of Corrections ("NDOC"). Presently, plaintiff is incarcerated at Lovelock Correctional Center ("LCC") in Lovelock, Nevada. Pursuant to 42 U.S.C. § 1983, plaintiff brings a civil rights claim under the Fourteenth Amendment against Carson City, Nevada, and the State of Nevada for alleged violations of his constitutional rights by state and city officials during his state court criminal trial. (*See* #1-1 at 2-3).

## II.   LEGAL STANDARD

Inmate civil rights complaints are subject to mandatory screening. *See* 28 U.S.C. § 1915A(a) ("The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity . . . ."). Section 1915A provides, in relevant part, that "the court shall . . . dismiss the complaint, or any portion thereof," when the plaintiff "fails to state a complaint upon

which relief may be granted . . . ." Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under section 1915A when reviewing the adequacy of a complaint or amended complaint. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (citation omitted).

Under Rule 12(b)(6), the court is to dismiss when the complaint fails to "state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Courts accept as true all well-pled factual allegations, set aside legal conclusions, and verify that the factual allegations state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The complaint is construed in a light most favorable to the plaintiff. *Chubb Custom Ins. Co. v. Space Systems/Loral Inc.*, 710 F.3d 946, 956 (9th Cir. 2013). The court takes particular care when reviewing the pleadings of a *pro se* party, for a more forgiving standard applies to litigants not represented by counsel. *Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010); *Hamilton v. Brown*, 630 F.3d 889, 893 (9th Cir. 2011). Although the complaint need not contain detailed factual allegations, it must offer more than "a formulaic recitation of the elements of a cause of action" and "raise a right to relief above a speculative level." *Twombly*, 550 U.S. at 555.

### III. DISCUSSION

**A.      Allegations**

Plaintiff alleges that defendants have violated his Fourteenth Amendment right to be free of incarceration without a proper conviction. The essence of his complaint is the following: District Attorney William A. Maddox, in September 1982, filed a criminal information against plaintiff in state court for a capital offense and other charges. Plaintiff was arraigned and pled not guilty. Following several changes to his trial date, plaintiff contends that Maddox and Judge Michael R. Griffin intentionally misrepresented that he had pled guilty and waived his jury trial, despite their knowledge that he could not waive such a trial upon his plea of non-guilt. Although not stated expressly, he was apparently convicted and has been serving a sentence ever since.

B.  **Analysis**

42 U.S.C. § 1983 aims "to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights." *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006) (quoting *McDade v. West*, 223 F.3d 1135, 1139 (9th Cir. 2000)). The statute "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights[,]" *Conn v. Gabbert*, 526 U.S. 286, 290 (1999), and is "merely . . . the procedural device for enforcing substantive provisions of the Constitution and federal statutes." *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Claims under § 1983 require the plaintiff to allege (1) the violation of a federally-protected right by (2) a person or official who acts under the color of state law. *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

However, § 1983 is not a backdoor through which a federal court may overturn a state court conviction or award relief related to the fact or duration of a sentence. Section 1983 and "the federal habeas corpus statute . . . both provide access to the federal courts 'for claims of unconstitutional treatment at the hands of state officials, . . . [but] they different in their scope and operation.'" *Ramirez v. Galaza*, 334 F.3d 850, 854 (9th Cir. 2003) (quoting *Heck v. Humphrey*, 512 U.S. 477, 48 (1994)). Federal courts must take care to prevent prisoners from relying on § 1983 to subvert the differing procedural requirements of *habeas corpus* proceedings under 28 U.S.C. § 2254. *Heck*, 512 U.S. at 486-87; *Simpson v. Thomas*, 528 F.3d 685, 695 (9th Cir. 2008). When a prisoner challenges the legality or duration of his custody, raises a constitutional challenge which could entitle him to an earlier release, or seeks damages for purported deficiencies in his state court criminal case, which effected a conviction or lengthier sentence, his sole federal remedy is a writ of *habeas corpus*. *Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Heck*, 512 U.S. at 481; *Wolf v. McDonnell*, 418 U.S. 539, 554 (1974); *Preiser v. Rodriguez*, 411 U.S. 475 (1973); *Simpson*, 528 F.3d at 692-93. Stated differently, where "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," then "the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck*, 512 U.S. at 487.

It is plain from plaintiff's allegations that he is challenging the constitutionality of his state court criminal and corresponding sentence. As such, he must demonstrate that his conviction has been overturned to proceed in an action under § 1983. As he has not done so, his sole relief is a *habeas* action. The court, therefore, recommends that the complaint be dismissed without prejudice, without leave to amend.

### IV.   CONCLUSION

Because this complaint is barred by *Heck*, it should be dismissed without prejudice, without leave to amend.

The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

### V.   RECOMMENDATION

IT IS FURTHER RECOMMENDED that the Clerk **FILE** plaintiff's complaint (#1-1);

IT IS FURTHER RECOMMENDED that plaintiff's complaint (#1-1) be **DISMISSED WITHOUT PREJUDICE, WITHOUT LEAVE TO AMEND**;

IT IS FURTHER RECOMMENDED that the Clerk **ENTER JUDGMENT** and close this case.

DATED: June 24, 2015

_____
UNITED STATES MAGISTRATE JUDGE