UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| KEITH DAVID HOUSTON,<br><br>  Plaintiff,<br>v.<br>CITY OF CARSON, et al.,<br><br>  Defendants. | Case No. 3:14-cv-00687-MMD-VPC<br><br>ORDER |

Plaintiff, an inmate in the custody of the Nevada Department of Corrections ("NDOC"), initiated this action in the First Judicial District Court of the State of Nevada in and for Carson City. (Dkt. no. 1-1.) After Defendant removed this action, the United States Magistrate Judge Valerie P. Cooke screened Plaintiff's Amended Complaint ("Complaint") and recommended dismissal. (Dkt. no. 14.) The Magistrate Judge further recommended denying Defendant's motion to dismiss (dkt. no. 5) and Plaintiff's motion for entry of default (dkt. no. 9) as moot. (Dkt. no. 15.) Plaintiff objects to the Magistrate Judge's recommendation of dismissal. (Dkt. no. 16.) Defendant has filed a response to Plaintiff's objection. (Dkt. no. 17.)

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). Where a party fails to object, however, the court is not required to conduct "any review at all . . . of any

issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate judge's report and recommendation where no objections have been filed. *See United States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) (disregarding the standard of review employed by the district court when reviewing a report and recommendation to which no objections were made); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (reading the Ninth Circuit's decision in *Reyna-Tapia* as adopting the view that district courts are not required to review "any issue that is not the subject of an objection.").

In light of Plaintiff's objection to the Magistrate Judge's recommendation of dismissal, the Court reviews the Magistrate Judge's recommendation *de novo.* The Magistrate Judge recommended dismissal of the Complaint without prejudice and without leave to amend because Plaintiff must demonstrate that his criminal conviction was overturned in order to bring claims under 42 U.S.C. § 1983. Having reviewed the records in this case, the Court agrees with the Magistrate Judge.

Plaintiff alleges that he is an inmate in the custody of NDOC and housed at the Lovelock Correctional Center as of the filing of the Complaint. (Dkt. no. 1-1 at 3-4.) Plaintiff challenges his confinement absent a criminal conviction, contending that confinement under such circumstance violates his constitutional rights under the Fourteenth Amendment and gives rise to state law claims for misrepresentation and negligence. (*Id.* at 3-8.) Plaintiff seeks damages and declaratory and injunctive relief, including an order for his immediate release from custody. (*Id.* at 8-9.)

The Magistrate Judge screened Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A and found that Plaintiff's claims are barred under *Heck v. Humphrey*, 512 U.S. 477 (1994). (Dkt. no. 14.) In his objection, Plaintiff argues that the Court should not have screened his Complaint since it was filed in state court and *Heck* is inapplicable because he is not challenging his conviction but is challenging confinement when he did not receive a jury trial and was not convicted. (Dkt. no. 16.)

2

28 U.S.C. § 1915A(a) provides that "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or ,employee of a governmental entity." Thus, § 1915A(a) mandates the Court's initial screening of a complaint filed by a prisoner where the prisoner is seeking "redress from a governmental entity" or its officer or employee. The fact that the Complaint was initially filed in state court is of no import to the Court's obligation to conduct an initial screening.

The Complaint challenges Plaintiff's conviction and seeks immediate release as a form of relief. (Dkt. no. 1-1.) The fact that Plaintiff alleges he was not convicted but that Defendant made misrepresentation about his conviction based upon a guilty plea does not render *Heck* inapplicable. "The holding in *Heck* applies ... where 'a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence.'" *Weilburg v. Shapiro,* 488 F.3d 1202, 1206 (9th Cir.2007) (citing *Heck,* 512 U.S. at 487).[1] *Heck* applies to bar Plaintiff's claims.

The Magistrate Judge recommends dismissal without leave to amend. In his objection, Plaintiff asserts that he is unable to pursue habeas relief because "he has been incarcerated for over three decades, and was procedurally barred in 1995 in federal court." (Dkt. no. 16 at 7.) The Court thus infers that Plaintiff cannot establish that his conviction has been invalidated to avoid *Heck*'s application. *See Guerrero,* 442 F.3d at 703. The Court agrees with the Magistrate Judge's recommendation to deny leave to amend.

It is therefore ordered that United States Magistrate Judge Valerie P. Cooke's Report and Recommendation (dkt. no. 14) is accepted and adopted in full. The Clerk is

///

---

[1] The holding does not apply in cases where the plaintiff can demonstrate that the conviction or sentence has been invalidated. *Guerrero v. Gates,* 442 F.3d 697, 703 (9th Cir. 2003). Here, Plaintiff has not alleged that his conviction or sentence has been invalidated.

directed to file the Amended Complaint (dkt. no. 1-1.)  The Amended Complaint is dismissed without prejudice and without leave to amend.

It is further ordered that the Magistrate Judge's Report and Recommendation relating to two pending motions (dkt. no. 15) be accepted and adopted in full. Defendant's motion to dismiss (dkt. no. 5) is denied as moot.  Plaintiff's motion for entry of default (dkt. no. 9) is denied as moot.

The Clerk is directed to enter judgment in favor of Defendant in accordance with this Order and close this case.

DATED THIS 27th day of August 2015.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE