UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| KEITH DAVID HOUSTON,<br><br>　　　　　　Plaintiff,<br>　v.<br>CITY OF CARSON, et al.,<br><br>　　　　　　Defendants. | Case No. 3:14-cv-00687-MMD-VPC<br><br>ORDER |

The Court dismissed Plaintiff's claims in an Order issued on August 27, 2015. (ECF No. 18.) Judgment was entered on August 27, 2015. (ECF No. 20.) On December 27, 2016, Plaintiff filed a motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b)(4). (ECF No. 21.)

In order to preserve the finality of judgments, the Federal Rules of Civil Procedure limit a party's ability to seek relief from a final judgment. *Phelps v. Alameida*, 569 F.3d 1120, 1135 (9th Cir. 2009). Rule 60(b)(4) allows a party to seek relief from judgment if the judgment is void. In determining whether to grant relief from a judgment, a court may consider whether (1) the intervening change in law overruled an otherwise settled legal precedent in petitioner's favor; (2) the petitioner was diligent in pursuing the issue; (3) the final judgment caused one or more of the parties to change his position in reliance on the judgment; (4) there is delay between the finality of the judgment and the motion for Rule 60(b)(6) relief; (5) there is a close connection between the original and intervening decisions at issue in the Rule 60(b) motion; and (6) relief from judgment would upset the principles of comity governing the interaction between coordinate sovereign judicial systems. *Phelps*, 569 F.3d at 1135-40 (involving a motion made under Rule 60(b)(6) based on a change in controlling law).

Plaintiff reasserts his previous argument that he did not complain about a conviction, but that he was challenging deprivation of his freedom "without being convicted at all." (ECF No. 21 at 3.) He argues that the Court ignore this factual allegation in this Complaint. However, as the Court found in the dismissal Order, the fact that Plaintiff alleges he was not convicted but that Defendant made misrepresentation about his conviction based upon a guilty plea does not render *Heck* inapplicable. (ECF No. 18 at 3.) Plaintiff makes no showing to entitlement of relief from judgment.

It is therefore ordered that Plaintiff's motion for relief from judgment (ECF No. 21) is denied.

DATED THIS 13th day of January 2017.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE